# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50697
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARLEX ADALID GUZMAN-BAUTISTA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1245-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Arlex Adalid Guzman-Bautista (Guzman) pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 46 months of imprisonment and three years of supervised release. Guzman challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He maintains that the sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50697

overstated the seriousness of his illegal entry offense because the offense is, at base, an international trespass.  He asserts that the sentence was greater than necessary in part because of the illegal reentry guideline's lack of empirical basis and the double-counting of his criminal convictions to determine his offense level and his criminal history category.  He also contends that the 46-month sentence imposed is greater than necessary to meet § 3553(a)'s goal of deterring future crime, as it is substantially higher than his only other prior criminal sentence of one year of imprisonment.  Finally, Guzman argues that the guidelines range failed to account for his benign motive for returning to the United States and thereby failed to take into account his personal circumstances and characteristics.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  A within-guidelines sentence is entitled to a presumption of reasonableness.  *See Rita v. United States*, 551 U.S. 338, 347 (2007).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

None of Guzman's arguments are sufficient to rebut the presumption of reasonableness.  First, this court has rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is a nonviolent offense.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Second, as Guzman acknowledges in his brief, we have also repeatedly rejected the argument that the appellate presumption of reasonableness does not apply because the illegal reentry Guideline, § 2L1.2,

2

No. 14-50697

is not empirically supported as required by *Kimbrough v. United States*, 552 U.S. 85 (2007). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Guzman's double-counting argument is similarly unavailing. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Third, and finally, this court has recognized that a claim of benign motive for reentry fails to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). The district court heard Guzman's arguments concerning his reasons for reentering the United States and the fact that Guzman had only one prior conviction before the court imposed a sentence within the advisory guidelines range. The district court rejected those arguments. *See Rita*, 551 U.S. at 356-57 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

Guzman's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors. *See Cooks*, 589 F.3d at 186. Guzman has not demonstrated that the district court abused its discretion when it sentenced him to a within-guidelines sentence of 46 months. *See Gall*, 552 U.S. at 51. The judgment of the district court is AFFIRMED.